**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DYLAN STILWELL**                                                                    **PLAINTIFF**
**#401896**

**V.**                                        **NO. 4:26-cv-666-KGB-ERE**

**HUGHES and DOE**                                                                  **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Dylan Stilwell, an inmate at the White County Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. This Order identifies problems in the complaint and gives him the opportunity to file an amended complaint.

I will postpone the screening process to allow Mr. Stilwell time to file an amended complaint clarifying his constitutional claims.[1] If Mr. Stilwell fails to file an amended complaint, I will screen the original complaint, which will likely result in the dismissal of his claims and this case.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## I.   Complaint Deficiencies

### A.   Complaint Allegations

Mr. Stilwell's complaint alleges that Lieutenant Hughes and Nurse Heather have failed to provide him access to a dentist to treat his abscessed tooth. Mr. Stilwell sues these Defendants in their official capacity only seeking monetary damages. However, under the law, Mr. Stilwell's official capacity claims are treated as claims against White County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). White County cannot be held vicariously liable under § 1983 for the acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, White County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington v. Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018); *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But the complaint contains no allegations suggesting that the alleged denial of dental care and resulting damages were caused by a White County policy, practice, or custom. As a result, the current complaint fails to state a plausible official capacity claim that can survive screening.

## II.   Guidelines for Filing Amended Complaint

Mr. Stilwell has thirty days to file an amended complaint. If Mr. Stilwell files an amended complaint, he should: (1) identify and name as a Defendant each individual who violated his constitutional rights; (2) state what injury he suffered as a result of each Defendant's conduct; and (3) state in what capacity he sues each Defendant.

Mr. Stilwell's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Stilwell should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Stilwell should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Stilwell's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Stilwell need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

3

**III.   Conclusion**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.      Mr. Stilwell may file an amended complaint within thirty (30) days of the entry of this Order.

2.      If Mr. Stilwell fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal, without prejudice, the claims raised in this case.

3.      The Clerk is instructed to provide Mr. Stilwell a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 7 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE